UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CENTER FOR MEDICARE ADVOCACY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOCIAL SECURITY ADMINISTRATION, <br> 6401 Security Blvd. <br> Baltimore, MD 21235 <br><br> and <br><br> CENTERS FOR MEDICARE AND MEDICAID SERVICES, <br> 7500 Security Blvd. <br> Baltimore, MD 21244 <br><br> Defendants. | CIVIL ACTION <br> FILE NO. |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.  Plaintiff Center for Medicare Advocacy (CMA) brings this action against the Social Security Administration (SSA) and the Centers for Medicare & Medicaid Services (CMS) under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

4. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, Plaintiff is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff Center for Medicare Advocacy (CMA) is a national, non-profit section 501(c)(3) organization whose mission is to advance access to comprehensive Medicare coverage and quality health care for older people and people with disabilities. CMA is primarily engaged in disseminating information to the public through its website, email alerts, webinars, and issue briefs. CMA is incorporated under the laws of the State of Connecticut.

6. Defendant Social Security Administration (SSA) is an agency within the executive branch of the U.S. government headquartered in Baltimore,

Maryland and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). SSA has possession, custody, and control of the records CMA seeks.

7. Defendant Centers for Medicare & Medicaid Services (CMS) is an agency within the executive branch of the U.S. government headquartered in Baltimore, Maryland and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). CMS has possession, custody, and control of the records CMA seeks.

## STATEMENT OF FACTS

### The Passage of H.R. 1

8. In July 2025, H.R. 1 (Public Law No. 119-21), also known as the "One Big Beautiful Bill Act," was enacted.

9. Section 71201 of H.R. 1 restricts Medicare eligibility for certain groups of lawfully present immigrants, including refugees and asylum seekers, and was immediately effective as of July 4, 2025, for new Medicare applicants. Existing enrollees who do not meet the new eligibility criteria will be terminated from the program effective January 4, 2027.

### The FOIA Request

10. On September 15, 2025, CMA, along with three other organizations, submitted a joint FOIA request to SSA and CMS seeking records regarding the

implementation of changes to Medicare eligibility and enrollment for noncitizens under H.R. 1.

11.     The request sought eight categories of records, including internal training materials, public-facing guidance, impact assessments, and communications between agencies regarding the new eligibility restrictions.

12.     Plaintiff requested a fee waiver and expedited processing, citing an "urgency to inform the public" about government activity affecting health care access.

**Agency Responses and Delays**

13.     SSA acknowledged receipt of the request on September 15, 2025, and assigned the case tracking number 2025-FOIA-02699.

14.     CMS acknowledged receipt of the request on September 15, 2025, and assigned the Control Number 091520257113 and PIN 3PJV.

15.     On September 18, 2025, CMS issued a letter seeking clarification of the request and placed it in "tolled" status.

16.     CMA provided a detailed response and clarification to CMS on October 6, 2025, including specific search terms and relevant officials.

17.     On December 17, 2025, SSA denied the request for expedited processing. CMA appealed this denial on February 2, 2026.

18. On February 5, 2026, CMS denied the request for expedited processing. CMA appealed this denial on February 9, 2026.

19. As of the date of this Complaint, more than five months after the initial request, neither agency has produced any responsive records.

**PLAINTIFF'S ENTITLEMENT TO EXPEDITED PROCESSING**

18. Plaintiff is primarily engaged in disseminating information to the public about the Medicare program and has demonstrated an "urgency to inform the public" regarding the immediate implementation of H.R. 1, which has been in effect since July 4, 2025, and its impact on the Medicare program without any public guidance.

19. The lack of transparency regarding these changes to the Medicare program creates additional compelling need for the records to prevent enrollment errors, coverage gaps, and the loss of life-saving medical care for Medicare applicants and beneficiaries.

20. The Medicare General Enrollment Period and the Medicare Advantage Open Enrollment Period are currently in progress but set to end on March 31, 2026. This three-month window which began on January 1, 2026, is a critical opportunity for individuals who missed their initial enrollment period to sign up for Medicare or who wish to leave or switch their Medicare Advantage plans. For some, this enrollment period is the final opportunity to make important

changes or secure coverage before facing extended gaps in care and substantial lifetime late-enrollment penalties.

21. Because H.R. 1 has been in effect for over six months without any public-facing guidance or implementing instructions from Defendants, eligible noncitizens may be forgoing necessary, life-saving medical care out of fear or confusion regarding their legal status. Without the requested records, Plaintiff cannot provide accurate technical assistance to the tens of thousands of State Health Insurance Assistance Program (SHIP) counselors and advocates who must advise this population of Medicare applicants and beneficiaries before the March 31 deadline. Every day that passes without transparency increases the likelihood that eligible individuals will be deterred from enrolling, leading to permanent financial liability or a total loss of access to health benefits.

22. Without the requested records, Plaintiff also cannot effectively advocate for individuals who are erroneously enrolled into Medicare during this enrollment period despite not being eligible under H.R. 1. Such individuals may face significant future liability if they rely on Medicare coverage to obtain necessary medical care.

23. The urgency for the records is further compounded by the fact that current beneficiaries who no longer meet the revised eligibility criteria under H.R. 1 are scheduled to receive termination notices as early as July 2026, with their

coverage set to end in January 2027. Immediate access to the requested records is needed so Plaintiff can accurately inform and assist affected individuals, and other organizations that provide assistance to them, in seeking administrative remedies or alternative coverage before they are removed from the Medicare program.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. Agencies generally have 20 working days from the date of the submission to respond to a FOIA request. 5 U.S.C. § 552(a)(6)(A).

25. As of the date of this Complaint, Defendants have failed to: (a) notify CMA of a final determination regarding CMA's FOIA request, including the scope of the responsive records Defendants intend to produce or withhold and the reasons for any withholding; and (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

26. Through Defendants' failure to respond to CMA's FOIA request within the time period required by law, CMA has constructively exhausted its administrative remedies and seeks immediate judicial review.

27. Defendants have denied CMA's request to expedite processing of its FOIA request, and CMA has appealed the denials but is not required to exhaust its administrative remedies with respect to its request to expedite processing.

## COUNT I

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Respond to Request for Expedited Processing**

28. Plaintiff repeats the allegations in paragraphs 1-27.

29. CMA properly requested records within the possession, custody, and control of Defendants on an expedited basis, and Defendants failed to respond to the request within the timeframe set by statute.

30. Defendants are agencies subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and applicable regulations.

31. The records CMA has requested are urgently needed to inform the public, specifically Medicare applicants and beneficiaries, about government activities of extraordinary public importance, and CMA is primarily engaged in disseminating information to the general public and specifically to Medicare applicants and beneficiaries about the Medicare program. CMA's request justifies expedited processing under FOIA and applicable regulations.

32. Defendants have failed to grant expedited processing despite Plaintiff meeting the statutory criteria for a "compelling need" and being an organization "primarily engaged in disseminating information."

33. CMA is entitled to declaratory and injunctive relief requiring Defendants to grant expedited processing of CMA's FOIA request.

## COUNT II

### Violation of FOIA, 5 U.S.C. § 552

### Failure to Conduct Adequate Searches for Responsive Records

34. Plaintiff repeats the allegations in paragraphs 1-27.

35. Plaintiff CMA properly requested records within the possession, custody, and control of Defendants.

36. Defendants are agencies subject to FOIA and must therefore make reasonable efforts to search for requested records.

37. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to CMA's FOIA request.

38. Defendants' failure to conduct an adequate search for responsive records violates FOIA and applicable regulations.

39. Plaintiff CMA is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to CMA's FOIA request.

### COUNT III

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

40. Plaintiff repeats the allegations in paragraphs 1-27.

41. Plaintiff CMA properly requested records within the possession, custody, and control of Defendants.

42. Defendants are agencies subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

43. Defendants are wrongfully withholding non-exempt agency records requested by CMA by failing to produce non-exempt records responsive to its FOIA request.

44. Defendants are wrongfully withholding non-exempt agency records requested by CMA by failing to segregate exempt information in otherwise non-exempt records responsive to CMA's FOIA request.

45. Defendants' failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

46. Plaintiff CMA is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, Plaintiff Center for Medicare Advocacy respectfully requests the Court to:

1. Declare Defendants' failure to process Plaintiff's FOIA request on an expedited basis a violation of 5 U.S.C. § 522;

2. Declare Defendants' failure to conduct a search reasonably calculated to uncover all records responsive to Plaintiff's FOIA request a violation of 5 U.S.C. § 522;

3. Declare Defendants' failure to produce within 20 days of the Plaintiff's FOIA request all non-exempt records responsive to Plaintiff's request and an index justifying the withholding of any responsive records withheld under claim of exemption;

4. Order Defendants to process Plaintiff's FOIA request on an expedited basis;

5. Order Defendants to conduct a search reasonably calculated to uncover all records responsive to Plaintiff's FOIA request;

6. Order Defendants to produce within 20 days of the Court's order all non-exempt records responsive to Plaintiff's FOIA request and an index justifying the withholding of any responsive records withheld under claim of exemption;

7. Enjoin Defendant from continuing to withhold all non-exempt records responsive to Plaintiff CMA's request;

8. Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and other litigation costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

9. Grant Plaintiff such other relief as the Court deems just and proper.

Dated: March 3, 2026

Respectfully submitted,

/s/ Justin Lalor
Justin Lalor
CT Bar No. 31766
Joshua Norris*
Wey-Wey Kwok*
CENTER FOR MEDICARE ADVOCACY
P.O. Box 350
Willimantic, CT 06226
(860) 456-7790
jlalor@medicareadvocacy.org
jnorris@medicareadvocacy.org
wkwok@medicareadvocacy.org

Attorneys for Plaintiffs

*Pro hac vice motions forthcoming.